[Cite as *State v. Baldwin*, 2013-Ohio-2648.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| JOSHUA BALDWIN | : | Case No. 12-CA-110 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Municipal Court,
                                  Case No. TRC118937A



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 June 20, 2013


BAL

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

R. KYLE WITT                              ANDREW T. SANDERSON
TERRE L. VANDERVOORT                      118 West Chestnut Street
P.O. Box 1008                             Suite B
121 East Chestnut Street                  Lancaster, OH  43130
Lancaster, OH  43130

*Farmer, J.*

{¶1} On September 5, 2011, Ohio State Highway Patrol Trooper Chad McMunn observed appellant, Joshua Baldwin, operating a motor vehicle over the speed limit. After initiating a traffic stop, Trooper McMunn had appellant perform three field sobriety tests. Based upon the results, appellant was charged with operating a motor vehicle while under the influence in violation of R.C. 4511.19 and speeding in violation of R.C. 4511.21.

{¶2} On October 6, 2011, appellant filed a motion to suppress, seeking to suppress the results of the field sobriety tests and claiming an illegal arrest. A hearing was held on March 12, 2012. By entry filed March 23, 2012, the trial court suppressed the field sobriety tests, but found probable cause to arrest.

{¶3} On May 30, 2012, appellant pled no contest to the charges. By journal entry filed May 30, 2012, the trial court found appellant guilty and sentenced him to ninety days in jail, eighty-seven days suspended.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE."

I

{¶6} Appellant claims the trial court erred in denying his motion to suppress on the issue of probable cause to arrest. We disagree.

{¶7}    There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.  *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist. 1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist. 1993).  Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.  In that case, an appellate court can reverse the trial court for committing an error of law.  *State v. Williams,* 86 Ohio App.3d 37 (4th Dist. 1993).  Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.  When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.  *State v. Curry,* 95 Ohio App.3d 93 (8th Dist. 1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist. 1993); *Guysinger.*  As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶8}    Probable cause to arrest focuses on the prior actions of the accused. Probable cause exists when a reasonable prudent person would believe that the person arrested had committed a crime*.  State v. Timson,* 38 Ohio St.2d 122 (1974).  A determination of probable cause is made from the totality of the circumstances.  Factors

to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminals, and location. Katz, *Ohio Arrest, Search and Seizure,* Sections 2:13-2:19, at 59-64 (2009 Ed.). As the United States Supreme Court stated when speaking of probable cause "we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life in which reasonable and prudent men, not legal technicians, act." *Brinegar v. United States,* 338 U.S. 160, 175 (1949).

{¶9} Appellant challenges the quality and quantity of the evidence. Appellant argues the facts were insufficient to support probable cause to arrest. In its entry filed March 23, 2012, the trial court found the following:

> The only testimony disallowed by R.C. 4511.19(D)(4)(b) is the *results* of the tests. The general observations of the trooper which may be considered by the court include:
>
> 1. Defendant's eyes were blood shot and glassy.
>
> 2. Defendant's ultimate, although reluctant, admission to consuming alcohol.
>
> 3. Defendant swayed while performing the one-legged stand.
>
> 4. Defendant had a strong odor of alcohol coming from his breath as he spoke to Trooper McMunn.
>
> ***

Following this precedent, the court finds that the totality of the observations made by Trooper McMunn were a sufficient basis for a finding that he possessed probable cause to arrest Defendant for a violation of R.C. 4511.19.

{¶10}  Probable cause to arrest is subject to some subjective interpretation by a police officer.   After stopping appellant, Tropper McMunn smelled a strong odor of alcohol coming from inside the vehicle.  T. at 9.  Appellant's eyes "were bloodshot, completely bloodshot." *Id.*  After placing appellant in his patrol car, Trooper McMunn continued to smell alcohol.  T. at 29.  Appellant executed three field sobriety tests and failed all three.  T. at 22, 30, 36-37, 40.  Although the field sobriety tests were excluded as evidence for trial purposes, the results nonetheless contributed to Trooper McMunn's independent conclusion.  After performing the tests, appellant admitted to consuming alcohol.  T. at 41.  Based upon his observations and the totality of the circumstances, there was sufficient information for Trooper McMunn to make the subjective determination of probable cause to arrest.

{¶11}  Upon review, we find the trial court did not err in denying appellant's motion to suppress on the issue of probable cause to arrest.

{¶12}  The sole assignment of error is denied.

{¶13}  The judgment of the Municipal Court of Fairfield County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. concur and

Hoffman, J. concurs separately.

_____

_____

_____

JUDGES

SGF/sg 521

*Hoffman, P.J., concurring*

{¶14} I concur in the majority's decision to overrule Appellant's assignment of error.  However, I disagree with the majority's analysis in reaching its conclusion.

{¶15} The majority cites to *State v. Timson*, 38 Ohio St.2d 122 (1974), for the appropriate test to be applied when determining whether probable cause to arrest exists.  Probable cause exists when a reasonable prudent person would believe the person arrested has committed a crime.  This is an objective standard.

{¶16} My concern is the majority interjects a subjective standard into its analysis.  The majority states, "Probable cause to arrest is subject to some subjective interpretation by a police officer."  (Majority Opinion at ¶10).  The majority ultimately concludes "… there was sufficient information for Trooper McMunn to make the subjective determination of probable cause to arrest."  Id.

{¶17} While there may be an element of subjective interpretation as to various indicators of intoxication; i.e., strength of odor of alcohol, degree of glassy or bloodshot eyes, level of distinction of speech – I disagree the arresting officer's subjective interpretation is the test to be applied in determining whether probable cause to arrest exists.

{¶18} I am also concerned with the majority's mention of the "results" of three excluded field sobriety tests as contributing to Trooper McMunn's "independent conclusion".  (Majority Opinion at ¶10).  While Trooper McMunn's observations of Appellant's conduct made during the improper administration of the field sobriety tests

may properly be considered, I find consideration of the results thereof may not be considered in determining probable cause.

_____
HON. WILLIAM B. HOFFMAN

[Cite as *State v. Baldwin*, 2013-Ohio-2648.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee           :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
JOSHUA BALDWIN                         :
                                       :
    Defendant-Appellant          :          CASE NO. 12-CA-110


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Fairfield County, Ohio is affirmed. Costs to appellant.


                                  _____


                                  _____


                                  _____

                                         JUDGES